## Case No. 8,625.

LYLES v. STYLES.

[2 Wash. C. C. 224.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1808.

PARTNERSHIP — PARTIES JOINTLY CONCERNED IN AN ADVENTURE—JOINT OWNERS—POWERS AND RIGHTS.

1. The plaintiff and the defendant were jointly concerned in an adventure to St. Domingo, which was placed under the management of the defendant, who commanded the vessel in which it was shipped, and who was to dispose of it on joint account. In a letter, addressed by the plaintiff to the defendant, before the vessel sailed, the plaintiff advised that the property should be sold for cash or produce. The defendant sold the property for bills on the French government, which, having been remitted by the plaintiff to France, were not paid. This being a joint concern, the defendant had the power and the interest of a partner, as to the disposition of the cargo.

2. The joint owner might advise, but he had no right to order; and the paper addressed by him to the defendant, was to be considered as advice only.

3. If the conduct of the defendant was fair, in the transaction, he is not answerable to the joint owner for the loss sustained by taking the bills.

[Cited in Jenkins v. Peckinpaugh, 40 Ind. 138.]

Action upon an account. The principal question of law arose on the following facts: The plaintiff shipped on board the defendant's vessel, which he commanded, a parcel of goods, on the joint account and risk of plaintiff and defendant, to be carried to Port Republican; where, by agreement, the same were to be sold by the defendant, for the joint account, without any charge by defendant for freight or commission. The bill of lading and invoice corresponded. It was proved, by a clerk, of the plaintiff, that in order to diminish the duties to be paid at Port Republican, where the duties were then charged on the invoice, that an invoice was, by the clerk, with the consent of defendant, made out, charging the goods at half their real value. Before the defendant sailed, the plaintiff put into his hands a paper, containing his views of what should be done with the cargo, particularly advising that no part of it should be left unsold in St. Domingo; and that it should be disposed of for cash or produce. Nothing was heard of the defendant, after he sailed, for nearly a year; but certain bills, drawn at St. Domingo on the French government, were forwarded by the defendant to his wife in Philadelphia, with directions to sell them at forty per cent. discount. They could not be sold for any thing. The plaintiff received them, and after some time sent them to his correspondent in France, in order to get them paid. But they have never yet been paid.

Witnesses were examined, to prove that the

French, at St. Domingo, were in the habit of seizing goods brought there, and paying for them in bills drawn on the government. The account of sales of this cargo rendered by defendant, was according to the low invoice.

It was contended, by Mr. Tod, for plaintiff, that the defendant had misconducted himself, in selling for government bills, particularly in the face of the plaintiff's instructions; and, therefore, that the whole loss of them should fall upon him.

Mr. Gibson, for defendant, insisted that the defendant had acted fairly, and was not liable for the loss to the plaintiff, to which he was as much exposed as the defendant; that there was good reason for believing that the goods were taken from the defendant, and the bills forced upon him; and that, at all events, the plaintiff, by receiving the bills, had waived all objection.

WASHINGTON, Circuit Justice (charging jury). The plaintiff and defendant were jointly concerned in this adventure, and the defendant had the power and interest of a partner, as to its disposition. The letter from the plaintiff to the defendant, is improperly called a letter of instructions, or even an agreement by defendant, to sell for cash or produce. The plaintiff had a right to advise, but not to order; and such is the style of the letter. If you are of opinion that the conduct of the defendant was perfectly fair, then there is no ground upon which to charge him with the loss of these bills.

The jury, as to this part of the account, found according to the charge.