JENKINS, ADMINISTRATOR, v. PECKINPAUGH.

PRESUMPTION OF DEATH.—In a collateral proceeding, it will be conclusively presumed that a man is dead, when it appears that letters of administration have been granted on his estate by the proper tribunal.

PARTNERSHIP.—*Loss of Partnership Money.*—Where two persons are engaged in mercantile business as partners, and one of them leaves their place of business, for the professed purpose of attending to some private business of his own, and also to purchase merchandise for the firm, with money of the firm, which he takes with him, and neither he nor the money is ever heard of afterward, the loss of the money, in the absence of evidence showing fraud, negligence, or misconduct, must fall upon the partnership, and not solely upon the member of the firm entrusted with the money.

SUPREME COURT.—*Cross Errors.*—Where, in an action appealed to the Supreme Court, demurrers have been sustained by the court below against the appellee, but no cross errors are assigned on account of such rulings, no question thereon is presented for review.

APPEAL from the Crawford Common Pleas.

BUSKIRK, J.—The complaint alleges that William Breeden and the appellee were parties in a mercantile business in the town of Leavenworth, in 1864, with a capital of four thousand dollars; that each partner put into the firm an equal amount, to wit, two thousand dollars; that each of the partners by the contract was to contribute his labor equally and share the profits and losses equally; that the profits amounted to five thousand dollars; that the partnership was dissolved in 1864, by the death of said Breeden, and that the plaintiff was appointed and is the administrator of his estate; that after the death of the said Breeden the appellee converted the whole of the assets of said firm, to wit, nine thousand dollars, to his own use, and has never accounted to the plaintiff for any part thereof. The prayer of the complaint was for an accounting and judgment for the amount found to be due.

The defendant answered in three paragraphs. The first was in denial; the second and third were the same, except the third was sworn to, while the second was not. The third paragraph was as follows:

"The defendant, for further answer herein, says that here-

tofore, to wit, on the first day of August, 1864, William Breeden, whom the plaintiff now claims to be dead and of whose estate he now claims to be administrator, was in full life and was living and residing in Leavenworth, Crawford county, Indiana, and that on said first day of August, 1864, said William Breeden left said town of Leavenworth, and went away to parts unknown, and has not since that time returned to said town; that afterward, and after the lapse of less than two years, from the time when the said William Breeden left said town of Leavenworth, to wit, on the 17th day of May, 1866, the plaintiff herein, without any proof or knowledge of the death of the said William Breeden, except such as arose from his absence, applied to the clerk of the Crawford Common Pleas Court for letters of administration on the estate of the said William Breeden, and without any proof whatsoever being made of the death of the said William Breeden, except such as arose from his absence, and without any knowledge on the part of the said clerk or of the plaintiffs herein of the death of the said William Breeden, the said clerk issued to the plaintiff herein the pretended letters of administration under which said plaintiff now claims to act as the administrator of the estate of the said William Breeden, and by virtue of which the plaintiff brings this suit. And the defendant avers that he is informed and believes that the said William Breeden is still alive; wherefore," etc.

The court sustained a demurrer to the second and third paragraphs of the answer, to which ruling the appellee excepted; but as he has assigned no cross errors on such ruling, no question arises as to the correctness of the ruling of the court below.

The cause was, by the agreement of the parties, submitted to the court for trial, upon the following agreed statement of facts, viz.:

"For the purposes of this trial, the parties hereto agree to the following statement of facts, viz.: That said William Breeden and said defendants were partners in the business of retailing drugs and groceries in the town of Leavenworth,

Indiana, from the 2d day of June, 1865, to the 24th day of August, 1865, at which last date the partnership was dissolved by the disappearance of the said William Breeden, who has not since been heard from. The capital stock of said partnership amounted to four thousand dollars; that after the payment of the debts of the said firm by the said defendant, and deducting insolvent debts due them, there remains in his hands the sum of sixty dollars due the plaintiff herein; that at the time the said Breeden disappeared, as aforesaid, he took with him, of the moneys of the said firm, the sum of one thousand and twenty-six dollars and forty-eight cents, and what became of said sum of money is unknown; that said Breeden, when he left Leavenworth, professed to be going to Pittsburgh to transact some business of his own, and to purchase with the said sum of money goods and merchandise for the said firm.

"It is agreed by the parties that if the court shall find that said sum of one thousand and twenty-six dollars and forty-eight cents must be lost by the firm, then the finding shall be for the plaintiff in the sum of five hundred and seventy-three dollars; and if the court finds that said loss is not to be borne by the firm, but is to be charged to the individual account of said Breeden, then the judgment shall be for the plaintiff for the sum of sixty dollars and the costs of the suit.

"S. K. WOLFE, Att'y for pl'ff.
"PECKINPAUGH & DEBRULER,
"Att'ys for def't."

Upon the facts thus agreed to, the court found for the plaintiff in the sum of sixty dollars. The plaintiff moved the court for a new trial. The motion was overruled, and judgment rendered on the finding, to which the plaintiff excepted.

The appellant has assigned for error the overruling of the motion for a new trial.

The sole question presented for our decision is, whether, upon the facts agreed to, the loss of the money which Breeden took away with him is to be borne by the partner-

ship, or is to be borne by Breeden alone.   We have not had the benefit of a brief from the appellee.   It is maintained by the counsel for the appellant, in his brief, that a partner, is not liable to the firm for losses, except in cases of gross negligence.   The position assumed is, that as Breeden left home, with the money of the firm, with the avowed purpose of purchasing goods and merchandise for the firm, and as he has not since been heard from, it will be presumed, in the absence of proof to the contrary, that the money was lost without the fault of Breeden.   The death of Breeden is not expressly admitted in the agreed statement of facts.   The fact of his death not being involved in the pleadings as they stood at the time of the trial, his death was not a fact to be proved on the trial.   It *is* conclusively presumed, in a collateral proceeding, that a man *is* dead when letters of administration are granted on his estate by the proper tribunal.   The case then stands as follows:   Breeden left home with the money of the firm to purchase goods for the firm; neither he nor the money was ever heard of afterward; after an absence of nearly two years the proper tribunal granted letters of administration upon his estate; the letters of administration have not been set aside, but remain in full force; in an action by his administrator the law will presume that he is dead; the utmost good faith is required of partners in their dealings with each other in relation to partnership. business; will the law presume that Breeden disposed of the partnership money in a fraudulent and dishonest manner? or will it presume that it was lost without fault on his part?   The law never presumes fraud or bad faith, but requires proof of them; the case then stands without any proof or presumption of fraud or negligence.

In such a case, will the law throw the loss upon the firm, or upon Breeden?

Parsons, in his work on Partnership, says:   "If losses occur by reason of a breach of duty by a partner, in any way whatever, whether through fraud, negligence, ignorance, or extravagance, and whether by design or not, they must

rest on the partner whose faulty conduct has caused them, and he cannot require the partnership to contribute in any way toward them." Parsons Part. 224.

Lindley on Partnership lays down the rule thus: "Even if a loss sustained by a firm is imputable to the conduct of one partner more to that of another, still, if the former acted *bona fide* with a view to the benefit of the firm, and without culpable negligence, the loss must be borne equally by all."

Again he says: "But if a partner is guilty of a breach of his duty to the firm, and loss results therefrom, such loss must fall on him alone. As was said by the court in *Bury* v. *Allen,* 1 Coll. 604, 'suppose the case of an act of fraud, or culpable negligence, or wilful default by a partner during the partnership to the damage of its property or interests, in breach of his' duty to the partnership: whether at law compellable or not compellable, he is certainly in equity compellable to compensate or indemnify the partnership in this respect.' " 1 Lindl. Part. 767, 768.

Story on Partnership states the law as follows: "We come, in the next place, to the consideration of the rights, duties, and obligations of partners between themselves. And here it may be stated, that as the contract itself has its solid foundation in the mutual respect, confidence, and belief in the entire integrity of each partner, and his sincere devotion to the business and true interests of the partnership; good faith, reasonable skill and diligence, and the exercise of sound judgment and discretion, are naturally, if not necessarily, implied from the very nature and character of the relation of partnership. In this respect, the same doctrine applies, which ordinarily applies to the cases of mandataries or agents for hire; and to other cases of bailment for the mutual benefit of both parties. Hence, if the partnership suffers any loss from the gross negligence, unskilfulness, fraud, or wanton misconduct of any partner in the course of the partnership business, he will ordinarily be responsible

over to the other partners for all the losses, and injuries, and damages sustained thereby, whether directly, or through their own liability to third persons. Of course all losses, injuries, and damages sustained by the partnership from the positive breach of the stipulations contained in the articles of partnership, on the part of any partner, are to be borne exclusively by that partner, and he must respond over to them therefor." Story Part. 290, sec. 169.

The following adjudged cases are in accord with the doctrine laid down by the text writers from whom we have quoted. *Lyles* v. *Styles*, 2 Wash. C. C. 224; *Devall* v. *Burbridge*, 6 Watts & S. 529; *Jessup* v. *Cook*, 1 Halst. 434; *Beste* v. *His Creditors*, 15 La. An. 55; *M'Ilreath* v. *Margetson*, 4 Doug. 278.

The doctrine is laid down by Story that the same principle which applies to agents is applicable to partners. Each partner, in the transaction of the business of the partnership, is the agent of the firm. So when Breeden left home to transact the business of the partnership, he assumed the duties and obligations of an agent of the firm. Suppose that instead of Breeden's being sent to make purchases for the firm, the partners had selected a third person to act as their agent, could it be successfully maintained that he could be held liable for the loss of the money with which he was entrusted, without any evidence that he had been guilty of fraud, negligence, or misconduct. We think not. The same principle should be applied to the partner as is to a third person who acts on behalf of the partnership.

We are very clearly of opinion that the loss should be borne by the partnership, and that the court below erred in its finding, for which error the judgment must be reversed. But as the case was tried upon an agreed statement of facts, there is no necessity for a new trial of the facts. The error arose in the application of the law to the facts as agreed upon.

The judgment is, therefore, reversed, with costs; and the

cause is remanded, with directions to the court below to render judgment for the plaintiff for the sum of five hundred and seventy-three dollars.

*S. K. Wolfe,* for appellant.