MILLIGAN v. BOWMAN ET AL.

1. **Evidence:** LETTERS OF ADMINISTRATION. Letters of administration are *prima facie* evidence of all they purport to show, and in the absence of rebutting evidence are conclusive of the appointment and qualification of the administrator.

2. **Estoppel:** RELEASE OF GARNISHEE. The release of a garnishee who is in fact indebted does not estop the creditor from levying upon property bought with the money afterwards paid by the garnishee to the debtor.

*Appeal from Poweshiek District Court.*

FRIDAY, APRIL 20.

ACTION in equity to subject certain land standing in the name of the defendant, Sarah E. Bowman, to the payment of a judgment in favor of one Benjamin Smith, against the defendant, Joseph Bowman. The said Smith having died letters of administration were issued to the plaintiff upon his estate.

The defendants deny that said letters were rightfully issued, aver that the said judgment has been paid, that the said land is the property of the defendant, Sarah E. Bowman, and if not that the said Smith in his lifetime precluded himself by agreement from levying thereon. Other facts are stated in the opinion. Decree for plaintiff. Defendants appeal.

*Lafferty & Johnson* and *W. H. Redman*, for appellant.

*John F. Lacey* and *Wm. R. Lewis*, for appellee.

ADAMS, J.—I. The defendants in their answer deny that the plaintiff is administrator of the estate of Benjamin Smith, and
1. EVIDENCE: letters of administration. deny that he has ever given a bond, or taken the oath as required by law. The plaintiff introduced in evidence the letters of administration. The presumption is that they were rightfully issued. The defendants claim that the letters were introduced too late; that the case was then being submitted for trial. It was proper for the court to admit them at that time if it saw fit, and being admitted they

are *prima facie* evidence of all that they purport to show, and that is sufficient for the plaintiff in the absence of all evidence rebutting the same.

II.   Upon the question as to whether the judgment was paid, the plaintiff introduced in evidence a decree of court between said Milligan as administrator, and the defendant, Joseph Bowman, showing what payments the said Joseph Bowman was entitled to have indorsed on said judgment. There is no evidence of any payments since, and the plaintiff claims only the balance which appears to be due by said decree.

III.   As to whether the land in question belongs to the defendant, Sarah E. Bowman, or whether she holds it in trust for her husband the defendant, Joseph Bowman, the evidence is somewhat conflicting.

Mrs. Bowman testifies that she purchased it with the proceeds of other land which she previously owned, and which is spoken of in the evidence as the Deardoff farm, and that she purchased the Deardoff farm with money given her by her brother, derived in part from her father's estate. But her testimony on the whole is strange and unnatural. She is unable to give any reasonable account as to where her father's estate was, or of the circumstances of the giving of money to her by her brother.

The evidence shows that the defendants were apparently destitute of property, with the exception of some land which was owned by the husband; that he sold the said land for $2,000; that he immediately bought in the name of his wife the Deardoff farm, that he paid therefor the sum of $1,800, and that if he did not pay it from the $2,000, the proceeds of the sale of his own land, then the said $2,000 is unaccounted for.   It would serve no useful purpose to set forth the evidence tending to show that the land in question was bought with Joseph Bowman's money.   It is sufficient to say that the evidence has been read by us separately, and we have all reached the conclusion that it was bought with his money.

IV.   The defendants introduced in evidence a power of attorney from the defendant, Smith, to one Wymore, author-

izing him to collect Smith's judgment aganist Bowman. It 2. ESTOPPEL: was also shown that said Wymore caused an release of garnishee. execution to be issued upon the judgment, and levied upon the said Deardoff farm, and caused also one McSpadden to be garnished. Afterwards said Wymore agreed not to attempt to subject said land to payment of said judgment, and released the garnishment. But the land at that time had been sold to McSpadden, and the agreement appears to have been made with him. This does not preclude the plaintiff from subjecting the land in question, if purchased with Joseph Bowman's money.

The appellant's claim, however, is that as McSpadden was owing for the Deardoff farm, and as the money then due was used to purchase the land in question, and as Wymore released McSpadden as garnishee, when he might have held him if the money was due Joseph Bowman and not his wife, the plaintiff should not be allowed to pursue the proceeds of the Deardoff farm in another way. But the release of a garnishee who is in fact indebted does not estop the creditor from levying upon property bought with money paid by the garnishee to the debtor, and which was due and unpaid at the time of the garnishment and release. The decree of the District Court is

AFFIRMED.