[No. 2523. Decided August 4, 1897.]

MARY BROWN, *Respondent*, v. ESTELLA M. ELWELL, *Appellant*.

MORTGAGES — ASSIGNMENT — PLEADING AND PROOF — CORPORATIONS — POWERS — LIEN OF MORTGAGE ON HOMESTEAD — ESTOPPEL.

Where a complaint in foreclosure alleges that plaintiff is the owner and holder of the note and mortgage sued on by purchase and assignment for a valuable consideration, the complaint is sufficient, in the absence of a motion to make more definite, to warrant the admission in evidence of an assignment by the mortgagee corporation to an individual, and an assignment by the latter's administrator to the plaintiff, the death of plaintiff's assignor having been established by the introduction of a certified copy of the grant of letters of administration upon his estate.

Where a complaint alleges that a certain corporation was one having power to loan money, the introduction in evidence of its articles of incorporation showing that it had general powers, does not constitute a variance, as the right to loan money is included within its general powers.

The provisions of Gen. Stat., tit. 18, ch. 1, requiring all the capital stock of a corporation to be subscribed before it is authorized to transact business, does not apply to corporations, either foreign or domestic, engaged exclusively in loaning money upon real estate.

The mere fact that a corporation had power under its articles to engage in other business than that of loaning money would not deprive it of the right to do business before the whole amount of its capital stock had been subscribed, if, in fact, its business was confined to the loaning of money upon real estate.

A mortgage of homestead premises joined in by husband and wife need not expressly mention the homestead in order to create a mortgage lien thereon, but a mortgage in the ordinary form, purporting to convey the whole right, title and interest of husband and wife, is sufficient.

A grantee who assumes the payment of a mortgage debt as part consideration for the conveyance of land, is estopped to dispute the validity of the mortgage.

Appeal from Superior Court, Thurston County.—Hon. T. M. REED, JR., Judge. Affirmed.

*Phil. Skillman,* for appellant.
*O. G. Ellis,* for respondent.

The opinion of the court was delivered by .

SCOTT, C. J.—This action was brought by the plaintiff to foreclose a mortgage on real estate executed by Freeman W. Brown and wife to the Lombard Investment Company, which mortgage and the debt secured thereby plaintiff claimed to have been transferred to her. After the execution of the mortgage, Brown and wife sold the property to one McKenny, and he sold the same to defendant Elwell, who appeals from a judgment rendered against her in favor of the plaintiff.

Her first contention is that the court erred in permitting plaintiff to show an assignment of the mortgage to Edward T. Brown, and an assignment from John S. Brown, as administrator of the estate of Edward T. Brown, to plaintiff, on the ground that no sufficient foundation therefor was laid in the complaint, and that there was no proof of the death of Edward T. Brown. On the trial the plaintiff introduced in evidence an assignment of the note and mortgage from the Lombard Investment Company to said Edward T. Brown, and an assignment by John S. Brown, as administrator of his estate, to the plaintiff, and also a certified copy of the letters of administration issued to John S. Brown, as such administrator, by the orphans' court of Delaware county, Pennsylvania.

The complaint contains an allegation that the plaintiff is the owner and holder of the note and mortgage and that she obtained the same by purchase and assignment for a valuable consideration. No motion was made to make the complaint more definite in this respect, and the allegation was sufficient for the admission of the proof. The ultimate fact to be proven was the assignment of the note

and mortgage to the plaintiff and her ownership thereof, and the prior assignment by the Lombard Investment Company to Edward T. Brown was but a step in the proof going to prove title in the plaintiff, and it was not necessary to plead this assignment, especially in the absence of a motion to make the complaint set out the assignment more particularly. The grant of letters of administration to John S. Brown was *prima facie* proof of the death of Edward T. Brown, and there was no error in the particulars mentioned.

The complaint contained an allegation that the Lombard Investment Company was a corporation having power to loan money, and appellant contends that the articles of incorporation introduced in evidence showing that this corporation had general powers did not sustain this allegation; but this point is not tenable, for the right to loan money was included within its general powers.

It is next contended that the Lombard Investment Company had no authority to transact business in this state for the reason that the capital stock of the corporation was $4,000,000 and that at the date of the loan and the execution of the mortgage only $2,600,000 thereof had been subscribed. It is insisted that said corporation had no authority to transact business in this state until all of its capital stock had been subscribed. It appears that the corporation had complied with the provisions of the law authorizing any foreign corporation to do business in this state under chapter 2, title 18 of 1 Hill's Code, without reference to the provisions of chapter 1 of said title, which the respondent contends applies only to domestic corporations, but which the appellant contends applies to all corporations, whether domestic or foreign. But, conceding the contention of appellant in this respect, it is provided that the requirements thereof shall not ap-

ply to corporations engaged exclusively in loaning money on real estate, and the evidence shows that said corporation was only engaged in the business of loaning money on real estate within this state, and although it had power to do other business under its articles, it is not shown that such power was ever exercised in any way here. There could be no presumption that it had ever engaged in any other business from the mere fact that it had power to do so. The finding of the court that said corporation was engaged in the business of loaning money in the state of Washington is sustained by the proof, and this is sufficient to support the judgment of the court, without entering upon any consideration of the question that the Lombard Investment Company was a corporation *de facto*, and that the assignors of the appellant, having entered into a contract with it for the negotiation of the loan, appellant could raise no question of its right to make it in an action to recover. The action in question is essentially different from one to enforce the collection of stock subscriptions, to which the cases cited by the appellant from this state relate.

It is next contended that the mortgage was not sufficient to create a lien upon the homestead right of Brown and wife. The fact that it was a homestead is conceded, and it is contended that the mortgage should have contained an express surrender of homestead rights, and that as it did not contain a special clause to that effect, the deed by Brown and wife to McKenny and by McKenny to the appellant transferred such homestead to the appellant free of the mortgage lien. The mortgage was in the ordinary form, purporting to convey the whole right, title and interest of Brown and wife to the Lombard Investment Company and its assigns, subject to the defeasance, and it was properly acknowledged by both of the mort-

gagors. It was not necessary under the law, as we view it, for the mortgage to expressly mention the homestead in order to create a lien thereon by the mortgage. Furthermore, said appellant, in the deed to her, assumed the payment of the mortgage debt, and would be estopped from denying its validity.

Affirmed.

ANDERS, DUNBAR and REAVIS, JJ., concur.