[No. 12810.   Department One.   May 12, 1916.]

WILLIAM WAGNER, *Appellant*, v. TOM ALDERSON, *as Administrator etc.*, *Respondent*, FRANK ELSHOLTZ et al., *Defendants*.[1]

COURTS—PROBATE COURTS—JURISDICTION—JUDGMENTS—FULL FAITH AND CREDIT. Superior courts being courts of general jurisdiction exercising powers in probate, a decree awarding administration upon adjudging the death of the deceased must be accorded the same full faith and credit as judgments in law or decrees in equity.

EXECUTORS AND ADMINISTRATORS—APPOINTMENT — DECREE — JURISDICTION—FACT OF DEATH—DETERMINATION. Upon issuing letters of administration upon petition under the regular procedure, the court has jurisdiction to determine both the fact and time of the death of the deceased.

EXECUTORS AND ADMINISTRATORS — APPOINTMENT — DECREE — CONCLUSIVENESS—PRESUMPTIONS—FACT OF DEATH. A decree upon issuing letters of administration, adjudging the fact and time of death, is *prima facie* proof of the facts determined, in a subsequent action in which the administrator defends in his representative capacity.

SAME. Such a decree, reciting that it was entered upon proof taken, is not based upon any presumption of death from continued

[1]Reported in 157 Pac. 476.

absence; and the evidence not being in the record and no appeal taken, the correctness of the judgment cannot be inquired into.

SAME—APPOINTMENT—DECREE—CONCLUSIVENESS — FACT OF DEATH —PARTIES BOUND—CREDITORS. A creditor of an estate, as to whom notice to creditors was published, is so far a party to the probate proceedings as to be bound by the decree adjudging the fact and time of the death of the deceased, especially where he had filed a claim against the estate and the same had been allowed.

SUBROGATION—PAYMENT OF LIENS—RIGHTS OF MORTGAGEE—WHEN VOLUNTEER. Upon failure of proof as to the execution of a mortgage, in a foreclosure action, plaintiff is not entitled to subrogation to the extent that money obtained on the mortgage was used to discharge liens on the property; as he was but a volunteer in paying taxes and judgment liens to clear the title for the benefit of his security.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 25, 1914, in favor of the defendants, dismissing an action to foreclose a mortgage, after a trial to the court on the merits. Affirmed.

*Charles A. Schneider* and *Frank A. Steele,* for appellant.

*Tom Alderson,* for respondent.

MORRIS, C. J.—This appeal presents the question of the effect of a decree in probate as to the fact and time of death. The facts are these: In October, 1907, Frank Elsholtz, a bachelor, approximately sixty years of age, left Seattle, presumably for Oregon or California. The record is very meager as to the reasons for his departure, the only evidence being the statement of one witness that Elsholtz was seeking relief from asthma. So far as this record goes, he has not been heard from since. On April 21, 1896, prior to an Alaska trip, Elsholtz executed a general power of attorney to one Seipman. He did not discharge this power of attorney upon his return from Alaska and it remained in full force at the time of his disappearance. On November 6, 1911, Seipman, acting under this power of attorney, executed a note and mortgage covering certain property of Elsholtz. On February 6, 1912, the state board of tax commissioners instituted proceedings in the superior court of King county, al-

leging the death of Elsholtz, intestate, on or about November 30, 1907, and praying for the appointment of an administrator of his estate. The regular procedure provided for by statute in such cases was followed and, on April 8, 1912, a decree was entered reciting, among other things,

"Proof under oath and in open court having been offered and taken, and the evidence being closed, and the said matter having been duly, regularly, and finally submitted to the court for consideration and decision, and all and singular, the law and the premises being now before the court here fully understood and considered, the court finds . . . that the said Frank Elsholtz died, intestate, on or about the 15th day of November, 1907, in the state of California . . . ."

The court thereupon decreed that letters of administration issue to Tom Alderson, as administrator of the estate, and the same were thereupon duly issued. On March 28, 1914, appellant, to whom the note and mortgage executed by Seipman as attorney-in-fact had been given, commenced foreclosure proceedings. Alderson, having been made a party, appeared as administrator of the estate, and after taking issue as to the giving of the power of attorney and the execution of the note and mortgage, set up the death of Elsholtz on November 15, 1907, the decree in probate, and his appointment as administrator. To this answer, appellant replied, denying the affirmative matter pleaded by Alderson, and alleging that Elsholtz was alive at the date of the execution of the note and mortgage. On the trial, appellant offered the usual proof in a foreclosure suit and rested. Alderson then offered the record in the probate proceedings, which was received over appellant's objection. No other evidence material to our inquiry was offered by either party. The lower court thereupon denied the foreclosure, and this appeal follows.

The error urged is the inadmissibility of the probate record and the insufficiency of the decree and letters of administration to prove the fact or time of death. This decree was entered over the objection of Seipman, who appeared in re-

sponse to the notice of hearing and contested the appointment of an administrator upon the ground that Elsholtz was still alive. The effect of a decree is to be determined largely by the character and jurisdiction of the court handing it down. Under our constitution, the superior courts are courts of general jurisdiction, having the same power and jurisdiction in probate proceedings as in actions at law or suits in equity. It follows, and such has been the uniform holding of this court, that decrees of superior courts exercising jurisdiction in probate matters are to be accorded the same full faith and credit as judgments in law or decrees in equity. *In re Bell's Estate*, 70 Wash. 498, 127 Pac. 100; *Bayer v. Bayer*, 83 Wash. 430, 145 Pac. 433. It cannot be questioned but that the court had jurisdiction to determine both the fact and time of death, and having so adjudicated, its judgment must be given effect. *Davis v. Greve & Wilderman*, 32 La. Ann. 420; *Jeffers v. Radcliff*, 10 N. H. 242; *Newman v. Jenkins*, 10 Pick. (Mass.) 515; *Holmes v. Oregon & California R. Co.*, 9 Fed. 229; *Bolton v. Schriever*, 135 N. Y. 65, 31 N. E. 1001, 18 L. R. A. 242; *In re Paterson's Estate*, 146 N. Y. 327, 40 N. E. 990.

We do not think there is any question but that, under the issue, the probate record was admissible, and being admissible, the decree and letters of administration would be sufficient to make at least a *prima facie* case as to the fact therein set forth. This *prima facie* proof was the only evidence before the lower court upon the question here involved, and is sufficient to sustain the judgment. *Brown v. Elwell*, 17 Wash. 442, 49 Pac. 1068; *Estate of Griffith*, 84 Cal. 107, 23 Pac. 528, 24 Pac. 381; *Brickhouse v. Brickhouse*, 33 N. C. 404; *Milligan v. Bowman*, 46 Iowa 55; *Seibert v. True*, 8 Kan. 52; *Brubaker v. Jones*, 23 Kan. 411; *Ewing v. Mallison*, 65 Kan. 484, 70 Pac. 369, 93 Am. St. 299; *Jenkins v. Peckinpaugh*, 40 Ind. 133; *Lancaster v. Washington Life Ins. Co.*, 62 Mo. 121; *Hurlburt v. Van Wormer*, 14 Fed. 709.

Appellant contends that death is only presumed from the absence and non-report of a person after the full lapse of seven years. The judgment appealed from is not based upon any presumption of death, but upon the sufficiency of the probate decree and letters of administration to establish at least a *prima facie* case, which has not been rebutted. The effect of such presumption and the extent to which it would justify a decree might have been involved in an appeal from the probate decree, if it appeared from the record that the finding as to the fact and time of death was based entirely upon a presumption. That decree, from all that now appears, might have been based upon evidence justifying a finding of death, there being nothing in the record so far as we can observe that would justify a conclusion that death was based upon presumption alone. While the courts, in dealing with presumptions of death, have held that a presumption does not attach to a lapse of time less than seven years, they have also held that the fact of death may be found from the lapse of a shorter period where the circumstances and the evidence before the court warrants such a finding. *Matter of Losee's Estate,* 46 Misc. Rep. 363, 94 N. Y. Supp. 1082; *In re Ketcham's Estate,* 5 N. Y. Supp. 566. The decree in question recites that it was entered upon proof taken. What that proof was we have no means of knowing, nor shall we assume that the court was acting without proof of the fact and time of death and made its finding upon presumption alone. The correctness or incorrectness of the decree is not to be inquired into here. The only thing we have to determine is the faith and credit to be given it.

Appellant's chief reliance is upon *Carroll v. Carroll,* 60 N. Y. 121, 19 Am. Rep. 144, and *Mutual Benefit Life Ins. Co. v. Tisdale,* 91 U. S. 238. Having cited New York and Federal cases in support of our holding, we briefly notice these two cases. The *Carroll* case was an action for the admeasurement of dower between the widow and the heirs. The only

evidence of the death of the testator was the record of the probate of his will. The court held such proof insufficient upon the ground that the proof given upon a probate of a will of a deceased husband has nothing to do with the question of the widow's right of dower in his real estate. The admission of the will to probate could not deprive her of her interest, nor its rejection in any way sustain it; hence the probate proceedings were wholly immaterial. The reasoning of the court sustains its ruling, but that reasoning is not apposite here because death was a jurisdictional matter which the court must determine before it could hand down its decree appointing an administrator or issue letters. And the death of Elsholtz prior to the execution of the mortgage would defeat its foreclosure.

In the *Tisdale* case, the action was to recover upon a life insurance policy. The only evidence of the death of the insured was the issuance of letters of administration. This proof was held insufficient. The basis of the decision is analogous to that in the *Carroll* case, in that the action upon the life insurance policy was a distinct and separate proceeding in which death must be established by proof competent under common law principles. The court, in its opinion, notes the fact that, when the administrator or executor is a party to the suit in his representative capacity, a different rule prevails. In this case, the administrator was a party in his representative capacity, as was also the attorney-in-fact.

Appellant urges he was not a party to the probate proceeding. He was a party in so far as there is any provision in our law for making him a party to such proceedings. At the time of the giving of notice of the application for the appointment of an administrator, appellant was a creditor of Elsholtz to the extent of the note. The notice of the filing of the petition was notice to creditors and all persons who, upon the death of Elsholtz, might claim an interest in his estate. Appellant cannot now be heard to say he was not a

party to the probate proceedings, and hence anything there done is of no effect as to him. He has, to some extent at least, recognized the effect of the probate proceedings, having filed a claim against the estate for the amount represented by the note, and the same has been allowed and will doubtless be paid in due course of administration.

Appellant asks, in the event the judgment be affirmed, that he be granted the right of subrogation to the extent that the money obtained on the mortgage was used in the discharge of liens against the property. This must be denied. Subrogation is not extended to money advanced by a volunteer or stranger. While some part of the money obtained from appellant—the amount not being disclosed—was used in paying taxes and a judgment for attorney's fees, appellant's only interest in these payments was to clear the title to the land for the benefit of his security. He was protecting his own interests and not moved by any consideration for the estate.

The judgment is affirmed.

MOUNT and FULLERTON, JJ., concur.

ELLIS, J., concurs in the result.