[No. 13800. Department One. April 3, 1917.]

PASQUALE PICARDO et al., Respondents, v. H. E. PECK, Appellant.[1]

JUDGMENT—JURISDICTION—DEATH OF PLAINTIFF. A judgment in an action commenced by an attorney in fact after the death of the plaintiff is void for want of jurisdiction of the plaintiff, and may be attacked collaterally.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 22, 1916, in favor of the plaintiffs, in an action to quiet title, tried to the court. Affirmed.

C. A. Schneider, for appellant.

Horace A. Wilson, for respondents.

MORRIS, J.—Appeal from a judgment in favor of respondents in an action to quiet title. Respondents' title is based upon two deeds from the sheriff of King county in mortgage foreclosure proceedings. Appellant claims under an assignment of a deficiency judgment against one of the

[1]Reported in 164 Pac. 65.

defendants in the foreclosure proceedings, on which execution had been levied on the property and a certificate of sale issued to appellant. The suit in which the deficiency judgment was entered, under which appellant claims, was for unlawful detainer and rent, commenced by one Siepman under a power of attorney from one Elsholtz. This action was commenced March 10, 1909. Subsequently, in probate proceedings upon the estate of Elsholtz, it was judicially determined that Elsholtz died November 15, 1907. The evidentiary effect of this probate decree was determined by this court in *Wagner v. Alderson,* 91 Wash. 157, 157 Pac. 476, where it was held the decree adjudging the fact and time of Elsholtz's death was *prima facie* proof of the facts determined in a subsequent action brought against the administrator in his representative capacity. This case is determinative of this appeal, in so far as the death of Elsholtz was a decisive feature, as there was no showing below which would to any extent overcome this *prima facie* proof. If Elsholtz was dead, the judgment under which appellant claims was void for want of jurisdiction of the parties. In order to give that jurisdiction which in all cases is essential to the validity of a judgment, there must be jurisdiction of the plaintiff as well as of the defendant. Lack of jurisdiction in the one case is as fatal to the jurisdiction of the court as lack of jurisdiction in the other. It matters not that such judgment is attacked collaterally. "A void judgment may be attacked collaterally as well as directly. It is entitled to no consideration whatever in any court as evidence of right." *Kizer v. Caufield,* 17 Wash. 417, 49 Pac. 1064.

It follows that the judgment must be, and is, affirmed.

Ellis, C. J., Main, and Webster, JJ., concur.