[No. 22269. Department Two. April 24, 1930.]

MARY C. TAYLOR et al., Respondents, v. A. L. MCKEN-NETT et al., Defendants, H. W. ARNOLD et al., Appellants.[1]

[1]Reported in 287 Pac. 1.

*H. W. Arnold,* for appellants.

*Henry W. Pennock* and *Preston, Thorgrimson & Turner,* for respondents.

MITCHELL, C. J.—This suit was brought to foreclose delinquent assessments in local improvement district No. 121, Vancouver, Washington. The city having failed by suit or otherwise, except by the receipt of voluntary payments made by some of the property owners, to collect the assessments, the suit was brought by Mary C. Taylor, the holder of bonds authorized and issued by the city against the property in the local improvement district. Thereafter, by permission of the trial court, H. A. Freeman, the holder of other bonds of the local improvement district, intervened in the suit as an additional plaintiff. Upon issues formed by the pleadings of the parties, a trial was had which resulted in findings and judgment foreclosing the delinquent assessments against a number of pieces of property, in several ownerships, including lots 5 and 6, block 3 of North Vancouver, situated within the local improvement district, belonging to H. W. Arnold and wife, who have appealed from the judgment.

The trial court found that the city, by ordinance No. 838, enacted in the year 1913, created the local improvement district for grading and paving a street and building sidewalks within the district at the expense of the property within the district; that, upon the completion of the improvement in 1913, the real property improved and lying within the district was assessed to pay the cost, the assessments being payable in ten equal annual installments with interest at seven per. cent per annum from December 29, 1913; that the assessment roll was duly confirmed and certified to the city treasurer for collection; and that, for the purpose of

paying the contractor for making the improvements and performing the work, the city by ordinance authorized the issuance and sale of bonds to be dated January 14, 1914, payable to bearer on or before January, 1924, with interest at the rate of seven per cent per annum, payable out of the proceeds of the assessments in the local improvement district and in no other manner.

The court further found that the assessments against the property of H. W. Arnold and wife amounting to $618.74 were payable in ten equal annual installments of $61.87 each, with interest on unpaid portions of the assessments at seven per cent per annum from December 29, 1913; the due date of the first annual installment of the assessments being December 29, 1914, and one falling due each year thereafter until December 29, 1923. No exception was taken to the above mentioned findings.

From other findings made by the court, upon a preponderance of the testimony, although excepted to in part by the appellants, it appears that appellants paid the tenth annual installment of $61.87 on December 19, 1923, with interest on that installment, but allowed all prior nine annual installments to become delinquent and remain unpaid with penalty and interest thereon as provided by ordinance, in the total sum of $1,480.51 down to the date of the judgment, June 7, 1929. That, on January 22, 1924, before the commencement of this action, appellants offered to pay the city treasurer the principal of the nine delinquent installments of the assessment with interest from December 29, 1913, without any penalty, or without interest upon delinquent assessments, which offer was rejected by the city treasurer.

The ordinance creating the improvement district and providing for the issuance of bonds to pay the con-

tractor was ordinance No. 838, which was approved by the mayor on September 16, 1913. The ordinance approving the assessment roll and levying assessments accordingly was No. 840, approved by the mayor November 18, 1913. It provided for ten equal annual payments with interest at seven per cent per annum. This ordinance further provides that:

". . . all assessments not paid in cash prior to the 15th day of January, 1914, shall be represented by bonds of local improvement district No. 121 which may be issued to the contractor doing the work, or sold by the city treasurer for not less than par value and accrued interest."

At the time the improvements were initiated and the ordinances in question were passed, Rem. Comp. Stat., § 9376, being a part of the local improvement law of this state, was in force. It provides generally that cities and towns shall prescribe by ordinance the time within which assessments or installments shall be paid, and shall provide for payment and collection of interest thereon at a rate not to exceed eight per cent per annum, and further that assessments or installments, when delinquent, in addition to such interest, shall bear such penalty not less than five per cent as shall be by general ordinance prescribed. After the assessments in this case were levied and a reasonable time, more than thirty days, before any delinquency whatever, the city council passed, and on November 17, 1914, the mayor approved, ordinance No. 902, entitled,

"An ordinance prescribing the rate of interest on delinquent installments of local assessments, and providing a penalty on delinquent installments,"

section one of which provides:

"That whenever any annual or other installment upon any local improvement assessment under the bonding plan shall become delinquent, each of such de-

linquent installments remaining unpaid at the date of delinquency, shall have added thereto a penalty of five per cent (5%), and shall draw interest at the same rate as is provided by ordinance for the bonds or warrants issued in payment or part payment of such local improvement.''

The terms of this ordinance were taken into consideration in arriving at the amount of the judgment appealed from, except that interest on delinquent installments was actually computed at the legal rate of six per cent per annum only, and the principal question now presented relates to the validity of the ordinance as applied to these assessments. The arguments against its validity are (1) that it cannot operate on the assessments which were levied prior to the enactment and approval of the ordinance, and (2) that it would result in compounding interest contrary to law.

As to the first argument, it will be noticed that the ordinance was enacted and approved and became effective more than thirty days before the possibility of any delinquency or the imposition of the penalty. Therefore, in our opinion, the contention that the ordinance has a retroactive effect when enforced as to these assessments is not well founded.

The other contention, that is, the one against compounding the interest, is answered, in our opinion, by the case of *Mississippi Valley Trust Co. v. Hofius*, 20 Wash. 272, 55 Pac. 54. In that case a contractor, in improving tide and shore lands for the state, received certificates for the cost of the local improvement, which upon being filed in the county auditor's office bore interest at a rate specified in the act and created a lien upon the lands improved. The act provided for the sale of the lands, payments to be made in ten equal annual installments with accompanying interest on each installment. The defendant Hofius, successor in

interest of a purchaser of some of the improved lands, in resisting foreclosure of the lien, contended that the demand of the complaint for the legal rate of interest on delinquent payments was an unjustifiable attempt at the compounding of interest. Answering that contention this court said:

"Nor do we think, under modern authorities, that the third objection can be sustained, viz, that the court erred in allowing interest at seven per cent per annum upon the installment of interest which fell due February 8, 1898. Under the statute, the interest would become a distinct obligation, the time for payment being fixed by the statute. This being true, the money which was due at that date was unpaid, the state had the benefit of it, and the law will allow legal interest as a measure of damages. [Seven per cent then was the general legal rate of interest.]"

That holding was reaffirmed in the later case of *Richards v. Bussell,* 70 Wash. 554, 127 Pac. 198, and we think on principle is applicable here.

What has been said above disposes of the other assignments of error, except complaint is made that there was an improper imposition of costs in the trial court as provided for in the judgment. We are satisfied that counsel for appellants mistake in part the terms of the decree, while in another particular the court distributed certain costs among a number of defendants, and the record before us does not show sufficient to indicate any error or abuse of discretion in that respect.

Affirmed.

HOLCOMB, FULLERTON, BEALS, and MAIN, JJ., concur.