[No. 1734. Decided April 19, 1895.]

# FREDERICK SCHOLPP, *Appellant*, v. W. T. FORREST, *Commissoner of Public Lands, et al., Respondents.*

WATERWAYS — VALIDITY OF CONTRACT FOR EXCAVATION — ISSUANCE OF CERTIFICATES FOR PART PERFORMANCE — CREATION OF LIENS UPON STATE LANDS.

Where the law "prescribing the ways in which waterways for the uses of navigation may be excavated by private contract and providing for liens upon tide and shore lands belonging to the state," provides the manner in which the liens shall be apportioned and how they may be paid and discharged, such provision becomes a part of any contract entered into pursuant to such law, and any conflicting provision of the contract as to the apportionment of the liens must be regarded as mere surplusage.

Under Laws 1893, p. 241, providing for the construction of waterways by private contract to be entered into by the commissioner of public lands, the commissioner has power, with the consent and approval of the harbor commissioners, to enter into contracts for excavating waterways through lands not owned by the state, both tide and upland.

The fact that the commissioner of public lands, subsequent to making a contract for the excavation of a waterway, makes another contract with the same parties on the same subject matter, providing for the excavation of material from the same waterway, the latter contract merely enlarging the scope of the former, does not affect the validity of either contract, the two, in effect, constituting but one contract.

Where a contract has been entered into by the commissioner of public lands for the excavation of a waterway, in accordance with the act of March 9, 1893 (Laws, p. 241), he is authorized to issue certificates therefor capable of creating a lien upon the tide and shore lands of the state filled in by the contracting party, whenever any part of the work suitable for the purposes of commerce has been performed.

*Appeal from Superior Court, King County.*

*Struve, Allen, Hughes & McMicken,* for appellant.

*W. C. Jones,* Attorney General, and *J. F. Hale,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—On October 27, 1894, the state, by its duly authorized agent, the commissioner of public lands, with the approval of the governor, entered into a contract with Eugene Semple, under and in pursuance of an act of the legislature of the state of Washington, approved March 9, 1893, entitled, "An act prescribing the ways in which waterways for the uses of navigation may be excavated by private contract, providing for liens upon tide and shore lands belonging to the state, granting rights-of-way across lands belonging to the state," (Laws 1893, p. 241), for the excavation of a waterway from the deep waters of Elliott Bay to Lake Washington, and with the material taken therefrom to fill in and raise above extreme high tide, the tide lands lying in front of the city of Seattle; which contract was on the same day duly assigned to the defendant waterway company and is now owned and held by it.

On February 23, 1895, the state entered into an additional contract with the defendant company, which provides for the excavation of the material from the waterways mentioned and described in the first contract, and for filling in and raising above high tide, with the material so excavated, certain tide lands therein described, but not embraced in the first contract. All of the requirements of the law necessary to authorize the execution of the contracts were fully complied with prior to the execution thereof; and the bond required by the contract was duly executed, approved and filed.

These contracts were duly recorded in the office of the county auditor of King county, and by virtue thereof the waterway company claims a lien upon the

tide lands therein described. Pursuant to § 4 of said act the commissioner of public lands has adopted a form of certificate which he proposes to deliver to the defendant company upon completion of the whole, or any portion of the work provided for by said contract, capable of separate use for the purposes of navigation; which form of certificate has been approved by the attorney general. These certificates, when delivered and filed in the office of the county auditor of the county in which the lands are situated, will constitute a lien on the lands described therein in favor of the holder thereof, for the amount therein specified, and fifteen per cent. additional thereon, with interest on said amount and additional percentage at eight per cent. per annum from date until paid.

This action was brought to enjoin and restrain the defendant company from performing the work commenced and contemplated by it upon the tide lands described in the complaint, and from trespassing thereon; and to restrain the commissioner of public lands from issuing any certificates under the contracts above mentioned, and for a decree discharging and freeing said lands from the alleged cloud caused by the execution and recording of said contracts. The superior court denied the relief prayed for in whole and in part, and gave judgment in favor of the defendants, from which the plaintiff appeals.

None of the facts alleged in the complaint were denied in the answer, and it is conceded that if the conclusions of law deduced therefrom by the trial court are correct the judgment and decree must be affirmed. In addition to the facts already stated, it appears from the complaint, as well as from the findings of fact, that the plaintiff is entitled, under the law, to a preference right of purchase, and that he has duly and legally ap-

plied to purchase, from the state, the tide lands described in his complaint, and has filed such application with the commissioner of public lands. It also appears that the defendant corporation has entered upon these lands and has commenced work, under and by virtue of the said contract, with the intention and for the purpose of filling in said lands and raising them above high tide, and will, unless restrained by the court, fill and raise said lands above high tide and claim a lien thereon for the cost of filling the same, as provided for in said contracts. And it further appears that the commissioner of public lands will, unless restrained by the court, upon application therefor by the defendant corporation, issue his certificate for the cost of filling said lands and raising them above high tide under and by virtue of said contract; and that the said defendant will file such certificate in the office of the auditor of King county, Washington, and claim a lien upon the lands so filled in and raised; and that the said defendant will issue said certificate in the form and at the times set forth in the complaint.

The only question to be determined on this appeal is whether the contracts and the certificate proposed to be issued thereunder are in accordance with the provisions of the statute. The learned counsel for appellant claim that the contracts in question are ineffectual and void because — (1) they contain a provision which is contrary to the rule laid down by the law with reference to the manner of apportioning liens among the several owners of land covered by a certificate issued under the contracts and the law; (2) because the first contract entered into contains a provision for the excavation of a waterway through the high lands between the head of Elliott Bay and Lake Washington; and (3) because the last contract provides for the excavation of

material from the same waterways described in the first.

The provision of the contracts which it is claimed invalidates them is as follows:

"In apportioning the cost of such work to any lot or parcel of land to which any person or corporation has a pre-emption right of purchase, the cost of the bulkhead shall be apportioned to the several lots inclosed within and protected by such bulkhead, in such proportion as the area of such lot or parcel bears to the entire area inclosed within such bulkhead. But the charge against any lot or parcel for filling in shall be in such proportion to the entire cost of the work of filling in as the number of cubic yards required to fill in such lot bears to the entire number of yards required for the filling in of the entire area included within any bulkhead."

The rule of apportionment prescribed by the aforesaid act (Laws 1893, p. 243, § 4) reads as follows:

"Such lien shall not be *in solido*, and upon the sale by the state to any person, or by any owner claiming under the state to any other person, of any of the tide and shore lands specified in such certificate, the lien herein granted may be discharged as hereinbelow provided, as to any such part of said lands, separately granted or owned, upon the payment of such part of the amount for which the lien upon the lands was given in the first instance as shall bear the same proportion to said whole amount which the area of such separate part of such lands bears to the area of the whole thereof."

It will be seen that this provision of the contracts is at variance with the law; and this being so, the question is, what is the effect upon the contracts, if any, of such provision.

An examination of the law and the contracts discloses that all of the conditions and provisions which the statute requires are contained in the contracts, ex-

clusive of the provisions objected to, and the trial court held that such provision is without any force or effect whatever, and that it should be treated as mere surplusage. The learned counsel for respondents insists that the conclusion of the court was right, and we are inclined to agree with him, The law itself provides the manner in which the liens shall be apportioned, and how they may be paid and discharged, and these matters are therefore not the subject of contract. The amount and character of the work to be performed, the manner and time of doing it, and the price to be paid, are all subjects of stipulation between the parties to the contract; but the manner in which the resulting liens are to be apportioned, being fixed specifically by the law governing the contracts, is incorporated into the contracts and becomes a part thereof, whether mentioned or not. It is admitted by appellant that these contracts contain all that the law requires them to contain, irrespective of the objectionable provision, and that being true, we perceive no foundation for his contention that they are illegal and void by reason of such provision.

As to the second point made by appellant, that the law does not contemplate the letting of contracts for excavating waterways through any lands other than tide lands, we are led to the conclusion, by a careful examination of the act under which the contracts were executed, that appellant's position is not tenable. Sec. 1 of that act provides that:

"The commissioner of public lands of the State of Washington may, when in his judgment the interests of commerce would be subserved thereby, enter into contract with any person or persons, or incorporated companies doing business in the State of Washington, for the excavation of any waterway or waterways

through any lands belonging to the State of Washington, or to any citizen or corporation of said State," etc.

Said act further provides in § 2:

"That when harbor lines and waterways have been established by the harbor line commission of the state, no other waterways shall be excavated except the waterways exhibited on the final maps of said harbor line commission, except with the consent and approval of such harbor line commission; and where no harbor lines and waterways have been so established then the plan mentioned in said contract must, before being adopted by said commissioner, be submitted to and approved by the harbor line commission."

And this further provision is found in § 9 of said act:

"All waterways excavated through any tide or shore lands belonging to the State of Washington by virtue of the provisions of this act, so far as they run through said tide or shore lands, are hereby declared to be public waterways, free to all citizens upon equal terms, and subject to the jurisdiction of the proper authorities, as provided by law."

From these provisions it seems clear that it was the intention of the legislature to authorize contracts for excavating waterways through lands not owned by the state, to be entered into by the commissioner of public lands, with the consent and approval of the harbor line commission. The record shows that this consent and approval have been obtained, and we, therefore think that the contracts under consideration properly include that portion of the waterways therein mentioned which extends through the high lands between Elliott bay and Lake Washington. We are not prepared to say, in opposition to the opinion of the commissioner of public lands, that such a waterway would not subserve the interests of commerce, and if it will, it is certainly such as is contemplated by law.

Nor do we think that the fact that both of these contracts embrace the same waterways invalidates either. They are both between the same parties, refer to the same subject matter, and relate to the same public improvement; and the latter merely enlarged the scope of the former, without otherwise affecting it. In effect, they both constitute but one contract.

It is next objected that the form of the certificate which has been adopted by the commissioner of public lands, to be issued to the contracting parties upon proof of their having complied with the requirements of the contract and the law, does not conform to the requirements of the act in question. All we need say upon this proposition is, that an examination of the certificate set forth in the record convinces us that it is in all respects in conformity with the law under which it was prepared.

Lastly, it is insisted that the plan adopted by the commissioner for issuing his certificates is not warranted by law. It appears that the waterway company proposes to excavate the waterways described in the contracts by excavating material from the deep water end and also from the end next to the upland, and when it has filled a portion or portions of the tide lands described in the contracts, it will then apply to the commissioner of public lands for a certificate or certificates in the form adopted by him, embracing the whole or a part of the lands so filled, and the commissioner will then issue such certificate or certificates covering the whole, or any part, of the tide lands so filled. The law provides that the commissioner, upon completion of the work provided for by the contracts, or any part thereof, capable of separate use for the purposes of commerce, shall issue his certificate to the contracting parties or their assigns. This would clearly

seem to contemplate that such contracting parties may ask for, and receive, certificates for the cost of such part of the work as may have been performed in accordance with their contracts, provided that such part is capable of separate use for the purposes of commerce, without waiting for the completion of the whole work.

The law vests the commissioner with the duty and discretion of determining when he shall issue his certificates, and we do not see anything in the plan proposed which authorizes us to say that it is not within his discretion.   We cannot presume that he will either violate the law or abuse the discretionary power vested in him.   Before the waterway company can rightfully claim a certificate under the law and its contract, it must create the waterway therein mentioned, or a portion thereof capable of use as such; and until at least a portion of the lands included in the contract are filled, there is nothing to which the lien which is provided for by the statute can attach.   But, as we have intimated already, it is the province of the commissioner of public lands to determine, in the first instance, when a certificate has been earned.

The judgment is affirmed.

HOYT, C. J., and GORDON, DUNBAR and SCOTT, JJ., concur.