[No. 8838. *En Banc.* October 14, 1910.]

## C. B. BUSSELL *et al., Respondents,* v. E. W. ROSS, *as Commissioner of Public Lands et al., Appellants.*[1]

PUBLIC LANDS—TIDE LANDS—FILLS—CERTIFICATES — CONTRACT — INJUNCTION. Under Rem. & Bal. Code, § 8103, providing that the commissioner of public lands shall issue certificates on contracts for the filling of tide lands showing the actual cost of the fill, which certificates shall when filed be a lien upon the lands for the cost specified in the certificate, with fifteen per cent additional, with the proviso that the lien shall not be operative for an amount exceeding the cost of the work as stated in the contract, and § 8107, providing that the cost of bulkheads shall be apportioned by the commissioner to all lands benefited thereby in addition to the cost of the fill, and under a contract for filling tide lands which provides that the entire cost of the work "including the cost of the bulkheads" shall not exceed sixteen cents per cubic yard for each and every yard of earth put upon each tract of land, the lands are liable only for the maximum of sixteen cents per cubic yard fixed by the contract, except where additional costs of bulkheads are approved by the governor, pursuant to a clause in the contract; and where the commissioner is threatening to issue certificates in excessive amounts to include distributed street and alley fill and additional bulkheads without the governor's approval, injunction will issue to restrain such action (RUDKIN, C. J., CHADWICK, GOSE, and FULLERTON, JJ., dissenting).

INJUNCTION—PARTIES—PUBLIC LANDS—INTEREST OF STATE—TIDE LAND FILLS. The state is not a necessary party to an action to enjoin the commissioner of public lands from issuing excessive lien certificates on a contract for filling tide lands, the state having sold the lands and not being liable for the price of the fills or having any interest in the matter except as benefited by the waterway, as to which no relief was sought; the whole controversy being between the contractors and the owners of the land.

Appeal from an order of the superior court for King county, Main, J., entered December 8, 1909, granting an injunction *pendente lite* after a hearing before the court. Affirmed.

*The Attorney General, M. B. Sachs, Roberts, Battle, Hulbert & Tennant,* and *Hughes, McMicken, Dovell &*

[1]Reported in 111 Pac. 165.

*Ramsey*, for appellants. The law invests the commissioner with a discretion in this matter that will not be reviewed by the courts. *Scholpp v. Forrest*, 11 Wash. 640, 40 Pac. 133; *Mississippi Valley Trust Co. v. Hofius*, 20 Wash. 272, 55 Pac. 54; *Seattle & Lake Washington Waterway Co. v. Seattle Dock Co.*, 35 Wash. 503, 77 Pac. 845; *State ex rel. Bussell v. Bridges*, 30 Wash. 268, 70 Pac. 506; *State ex rel. Smith v. Forrest*, 8 Wash. 610, 36 Pac. 686, 1120; *State ex rel. Megler v. Forrest*, 13 Wash. 268, 43 Pac. 51; *State ex rel. White v. Board of State Land Commissioners*, 23 Wash. 700, 63 Pac. 532; *McNaught-Collins Imp. Co. v. Atlantic & Pacific Pile & Timber Preserving Co.*, 36 Wash. 669, 79 Pac. 484; *Polson v. Callvert*, 38 Wash. 614, 80 Pac. 815; *State ex rel. Pelton v. Ross*, 39 Wash. 399, 81 Pac. 865. The courts will not interfere in advance with the exercise of such a function imposed upon a public officer. 2 High, Injunctions (4th ed.), §§ 1311, 1326; *Dwelling-House Ins. Co. v. Wilder*, 40 Kan. 561; *Troy v. Commissioners of Doniphan County*, 32 Kan. 507, 4 Pac. 1009. Neither injunction nor mandamus will lie to control the exercise of judgment or discretion of such an officer, whose decision is judicial in its nature. *Riverside Oil Co. v. Hitchcock*, 190 U. S. 316; *Lane v. Anderson*, 67 Fed. 563; *McCauley v. Kellogg*, 2 Woods 13; *Mooers v. Smedley*, 6 Johns Ch. 28; *McChord v. Louisville & N. R. Co.*, 183 U. S. 483; *Enterprise Savings Ass'n v. Zumstein*, 64 Fed. 837; *Bates v. Taylor*, 87 Tenn. 319, 11 S. W. 266, 3 L. R. A. 316; *Morris & Whitehead v. Williams*, 23 Wash. 459, 63 Pac. 236. The commissioner cannot be prejudged or enjoined from judging at all. *United States v. Arredondo*, 6 Pet. 691; *Philadelphia etc. R. Co. v. Stimpson*, 14 Pet. 448; *Decatur v. Paulding*, 14 Pet. 497, 513; *Foley v. Harrison*, 15 How. 433, 445; *Bartlett v. Kane*, 16 How. 263; *Belcher v. Linn*, 24 How. 508, 516; *Shepley v. Cowan*, 91 U. S. 330; *Vance v. Burbank*, 101 U. S. 514; *Quinby v. Conlan*, 104 U. S. 420; *Baldwin v. Stark*, 107 U. S. 463; *Carr v. Fife*, 156 U. S. 494; *Bishop of Nesqually v.*

*Gibbon*, 158 U. S. 155, 166; *Burfenning v. Chicago etc. R. Co.*, 163 U. S. 321; *Bates & Guild Co. v. Payne*, 194 U. S. 106; *United States v. Leng*, 18 Fed. 15; *United States v. McDowell*, 21 Fed. 563; *United States v. Doherty*, 27 Fed. 730; *Bear v. Luse*, Fed. Case, No. 1,179; *Tilden v. Sacramento County*, 41 Cal. 68; *Colusa County v. De Jarnett*, 55 Cal. 373; *Stewart v. Sutherland*, 93 Cal. 270; *Howland v. Eldredge*, 43 N. Y. 457; *People ex rel. Francis v. Common Council*, 78 N. Y. 33, 34 Am. Rep. 500; *Ferry v. Street*, 4 Utah 521, 7 Pac. 712, 11 Pac. 571; *Grant v. Oliver*, 91 Cal. 158, 27 Pac. 596, 861; *Johnson v. Bridal Veil Lumbering Co.*, 24 Ore. 182, 33 Pac. 528; *Kitchel v. Board of Com'rs of Union County*, 123 Ind. 540, 24 N. E. 366; *Sheidley v. Lynch*, 95 Mo. 487, 8 S. W. 434; *Kinney v. Degman*, 12 Neb. 237, 11 N. W. 318; *Detroit v. Hosmer*, 79 Mich. 384, 44 N. W. 622; *Leech v. Rauch*, 3 Minn. 448; *State v. Bachelder*, 5 Minn. 223, 80 Am. Dec. 410; *State v. Stevens*, 5 Minn. 521; 23 Am. & Eng. Ency. Law (2d ed.), 372; 29 Cyc. 1433. Where there can be no injunction against the commissioner, there can be none against the other defendants. *New Orleans Water Works Co. v. New Orleans*, 164 U. S. 171. This is an action against the state, and the court had no jurisdiction because not commenced in Thurston county. Rem. & Bal. Code, § 886; *McWhorter v. Pensacola & A. R. Co.*, 24 Fla. 417, 5 South. 129, 12 Am. St. 220, 2 L. R. A. 504; *Reagan v. Farmers Loan and Trust Co.*, 154 U. S. 362, 389; *Peeples v. Byrd*, 98 Ga. 688, 25 S. E. 677; *Hagood v. Southern*, 117 U. S. 52; *Cunningham v. Macon etc. R. Co.*, 109 U. S. 446, 452. The plaintiff has an adequate remedy at law. *Mississippi Valley Trust Co. v. Hofius, supra; Wilkes v. Hunt*, 4 Wash. 100, 29 Pac. 830; *Jones v. Reed*, 3 Wash. 57, 27 Pac. 1067.

*Harold Preston* and *George E. de Steiguer*, for respondents, contended, among other things, that a court of equity has peculiar jurisdiction of actions instituted to prevent by

injunction the casting of wrongful clouds upon the title to real property. 4 Pomeroy, Equity Jurisprudence (3d ed.), §§ 1345, 1360; *Detroit v. Detroit Citizens' Street R. Co.,* 184 U. S. 368; *Board of Liquidation v. McComb,* 92 U. S. 531; *Henningson v. United States Fidelity & Guaranty Co.,* 208 U. S. 404. The contemplated proceeding under this statute is *ex parte. Seattle & Lake Washington Waterway Co. v. Seattle Dock Co.,* 35 Wash. 503, 77 Pac. 845. Where the decision of a matter of fact is committed to an officer, his decision will not be regarded as conclusive unless it is so provided in the act or contract. *Van Horne v. Watrous,* 10 Wash. 525, 39 Pac. 136; *Mercantile Trust Co. v. Hensey,* 205 U. S. 298; *Central Trust Co. v. Louisville etc. R. Co.,* 70 Fed. 282; *Benson v. Miller,* 56 Minn. 410, 57 N. W. 943; *Memphis etc. R. Co. v. Wilcox,* 48 Pa. St. 161; *Adlard v. Muldoon,* 45 Ill. 193; *Glacius v. Black,* 50 N. Y. 145, 10 Am. Rep. 449. The decision of the commissioner is subject to review by the court. *Mississippi Valley Trust Co. v. Hofius,* 20 Wash. 272, 55 Pac. 54; *Seattle & Lake Washington Waterway Co. v. Seattle Dock Co., supra.* Injunction is the proper remedy to prevent threatened or anticipated illegal action on the part of public officers in exercise of their authority or jurisdiction by reason of misconstruction of the law or contract. *Marquez v. Frisbie,* 101 U. S. 473; *Northern Pac. R. Co. v. Colburn,* 164 U. S. 383; *Lee v. Johnson,* 116 U. S. 48; *Lindsay v. Hawes,* 2 Black 554; *McClung v. Silliman,* 6 Wheat. 598; *Wisconsin Cent. R. Co. v. Forsythe,* 159 U. S. 46; *Minnesota v. Bachelder,* 1 Wall. 109; *Moore v. Robbins,* 96 U. S. 530; *Samson v. Smiley,* 13 Wall. 91; *Johnson v. Towsley,* 13 Wall. 72, 87; *Garland v. Wynn,* 20 How. 6; *Reagan v. Farmers' Loan and Trust Co.,* 154 U. S. 362, 394; *Missouri, K. & T. R. Co. v. Missouri Railroad and Warehouse Commissioners,* 183 U. S. 53; *Ex parte Young,* 209 U. S. 123; *Smyth v. Ames,* 169 U. S. 466, 518; *Scottish Union & National Ins. Co. v. Herriott,* 109 Iowa 606, 80 N. W. 665, 77 Am. St. 548; *Kruger v. Life &*

*Annuity Ass'n,* 106 Cal. 98, 39 Pac. 213; *Galveston etc. R. Co. v. Davidson* (Tex. Civ. App.), 93 S. W. 436, 445; *Illinois Life Ins. Co. v. Prewitt,* 123 Ky. 36, 93 S. W. 633; *Blanton, Com'r v. Southern Fertilizing Co.,* 77 Va. 335; *Noble v. Union River Logging R. Co.,* 147 U. S. 165; *Carroll v. Safford,* 3 How. 440; *Lyne v. Jackson,* 1 Rand. 114; *People ex rel. Alexander v. District Court,* 29 Colo. 182, 68 Pac. 242; *Kaufman County v. McGaughey,* 3 Tex. Civ. App. 671, 21 S. W. 261; *Bond v. Mayor and Common Council of Newark,* 19 N. J. Eq. 376; *Schumm v. Seymour,* 24 N. J. Eq. 143, 147; *Marbury v. Madison,* 1 Cranch. 137; *Galveston etc. R. Co. v. Henry & Dilley,* 65 Tex. 685; *Alton etc. R. Co. v. Northcott,* 15 Ill. 49; High, Injunctions, §§ 1308, 1309; Pomeroy, Equity Jurisprudence, §1345. The commissioner was a proper party to effectuate the relief decreed. *Guy v. Hermance,* 5 Cal. 73, 63 Am. Dec. 85; *Tucker v. Kenniston,* 47 N. H. 267, 93 Am. Dec. 425; *Groves v. Webber,* 72 Ill. 606; *O'Hare v. Downing,* 130 Mass. 16; *People ex rel. Alexander v. District Court, supra.* A parallel case is *Bond v. Mayor and Common Council of Newark, supra.* This is not an action against the state. *Reagan v. Farmers' Loan and Trust Co., Missouri, K. & T. R. Co. v. Missouri Railroad and Warehouse Commissioners, Ex parte Young, Smith v. Ames, Scottish Union & National Ins. Co. v. Herriott, Kruger v. Life & Annuity Ass'n, Galveston etc. R. Co. v. Davidson, Illinois Life Ins. Co. v. Prewitt, and Blanton, Com'r v. Southern Fertilizing Co., supra.* The beneficial interest of the state does not make it a party to the suit. *Andrews v. King County,* 1 Wash. 46, 23 Pac. 409, 22 Am. St. 136; *State ex rel. Smith v. Ross,* 42 Wash. 439, 85 Pac. 29; *Scholpp v. Forrest,* 11 Wash. 640, 40 Pac. 133; *Wilkes v. Hunt,* 4 Wash. 100, 29 Pac. 830; *Jones v. Reed,* 3 Wash. 57, 27 Pac. 1067; *Birmingham v. Cheetham,* 19 Wash. 657, 54 Pac. 37; *Allen v. Forrest,* 8 Wash. 700, 36 Pac. 971, 24 L. R. A. 606. The lien to be claimed is excessive. *Scholpp v. Forrest* and *Mississippi Valley Trust Co. v. Hofius, supra.*

Mount, J.—The respondents brought this action to restrain E. W. Ross, commissioner of public lands, from issuing, and the other defendants from receiving, placing of record, transferring or negotiating, certificates on tide land fills upon certain described lands owned by the respondents, for an amount in excess of the actual cost of the work, with fifteen per cent added, and in no event to exceed in amount the number of cubic yards filled on any lot, multiplied by sixteen cents. The trial court issued an injunction *pendente lite* upon a preliminary showing, and the defendants have appealed from that order.

The complaint in the case alleges, in substance, the execution of the contracts under the act of 1893, between the state and Eugene Semple, for the excavation of certain waterways upon tide lands in Seattle, and the filling of adjacent lands, which contracts have been assigned to the appellant Lake Washington Waterway Company. The complaint also alleges various extensions of the time of completing work under the contracts, and the purchase from the state by plaintiffs of certain tide lands covered by the contracts. The complaint also alleges that, by virtue of the contracts, fills have been made upon certain of the lands now owned by the plaintiffs; that under the law and the contracts, the said land commissioner is authorized to issue certificates representing the cost of such fills, and such certificates, when filed in the office of the county auditor of King county, become liens upon the land for the amount named in the certificates; that the land commissioner has in the past issued certificates against lands of other owners under these same contracts for illegal amounts; that he threatens to, and will, in the future issue certificates in illegal amounts against the lands of the plaintiffs if not restrained by the courts; that when such certificates are issued, they will be delivered to the defendants and placed of record in excessive amounts. Copies of the contracts in question are attached to the complaint and made a part of it.

The contentions of the plaintiffs as set forth in the complaint are that, under the statute and the contracts, the commissioner of public lands has no discretion, right, or authority to issue, and the other defendants have no right to receive, certificates which include certain items of cost alleged to be erroneous, substantially as follows: Certificates based upon the cost of sixteen cents per cubic yard for the fill, which amount is alleged to be above the actual cost and therefore excessive; certificates which include as cost of the fill sixteen cents per cubic yard for filling adjacent streets; and certificates for the extra cost of modified bulkheads without the previous approval of the governor. It is alleged that the commissioner of public lands has in the past misconstrued the law and the contracts in the particulars above stated, and threatens to, and will, issue certificates in excessive amounts against the lands of the plaintiffs, if not enjoined.

The statute authorizing the contracts in the case provides that the commissioner of public lands shall issue his certificate to the contracting parties, or their assigns, showing the actual cost of the fill in raising above high tide all the tide and shore lands to be filled in; and also that, upon the filing of the certificates in the office of the county auditor, the holders shall acquire a lien for the cost as specified in such certificate, with fifteen per cent additional thereon, with the proviso "that such lien shall not be operative for an amount exceeding the cost of the work as stated in the contract." Rem. & Bal. Code, § 8103. In § 8104 it is provided that:

"All persons or corporations purchasing said lands from the state in the meantime shall take the same subject to the ultimate lien upon the same, provided for herein."

Section 8106 of the act provides that the contracts shall specify the character of bulkheads and other restraining works, and that the commissioner shall be judge of the sufficiency thereof. Section 8107 provides that:

"In ascertaining the cost of filling in and raising above high tide of any tide or shore lands, the cost of all bulk-

heads, and other restraining works, and the cost of filling in and raising above high tide of all streets, alleys, and public squares or places, shall be apportioned to the lands benefited thereby, in addition to the cost of filling in such lands."

In the contract it is stipulated between the state and the waterway company that, upon compliance by the latter with the contract, the state grants a lien upon the tide lands described therein as provided by the aforesaid act; that it will hold the land described in the contract subject to the operation thereof, and that it will do and perform by its authorized agents all and singular the acts and things mentioned and set out in such act of the legislature to be done and performed by the state of Washington, said act being made an integral part of the contract. The contract also provides that "the cost of the work shall in no case exceed, for excavation and embankment and for bulkheads and sea walls, the cost specified in the supplement hereto," which supplement provides that:

"The entire cost of said work, including the cost of bulkheads and sea walls, shall not exceed sixteen cents per cubic yard for each and every yard of earth put upon each tract or parcel of land to which any person or corporation has a pre-emption right of purchase, except as herein otherwise provided."

It is also provided that the commissioner shall have power to modify the plans and specifications for bulkheads and restraining walls, and that if such modification shall make the entire cost of the fill exceed sixteen cents per cubic yard, the commissioner shall cause such increased expense to be estimated and, with the approval of the governor, shall specify the sums in addition to said sixteen per cent per cubic yard to which the entire cost of such work shall be limited. The commissioner did require a modified and more expensive form of bulkhead, but this appears not to have been approved by the governor. These contracts were entered into in the year 1894. The plaintiffs' first applications to purchase

land were made in 1895.  Contracts were issued in 1899, and deeds followed in 1905-6.

The appellants contend that the matter of determining the cost of bulkheads and street fills is vested in the state land commissioner, and that, under the law itself, he has been constituted the tribunal to determine when certificates have been earned under the contract, and when and to whom they shall issue, and what items shall be included therein, and to ascertain the total cost to be included in such certificates; that these matters have been by law committed to the commissioner, and he has complete jurisdiction over the subject-matter, and that his duties under the law and the contract require of him the exercise of judgment and discretion in both the ascertainment of facts and the interpretation of the law, and that the courts will not, in advance of any act being taken by a public officer, enjoin such acts, and undertake to guide and control his judgment or discretion in matters committed to his care in the ordinary discharge of his official duties.

It is true that, in the case of *Scholpp v. Forrest*, 11 Wash. 640, 40 Pac. 133, this court determined that the law vests in the commissioner of public lands the duty of determining when the certificates have been earned and when they shall be issued, and in *Mississippi Valley Trust Co. v. Hofius*, 20 Wash. 272, 55 Pac. 54, where certificates had been issued prior to the sale of the land by the state and had become a lien thereon, that the subsequent purchasers could not be heard to deny the validity of the lien; and to the same effect in *Seattle & Lake Washington Waterway Co. v. Seattle Dock Co.*, 35 Wash. 503, 77 Pac. 845.  But it was not decided in those cases that the commissioner of public lands could issue certificates which would become a valid lien against lands sold by the state in excess of the amount provided by law and by the contract.

It seems clear, from the provisions of the law and the contract above quoted, that the limit of the cost which may

become a lien against the lands is sixteen cents for each cubic yard of earth put upon each parcel of land, because the contract in plain terms so recites. There could be no reasonable controversy over this question were it not for the provision of the act, Rem. & Bal. Code, § 8107, which re-cites that "in ascertaining the cost of filling in and raising above high tide of any tide or shore lands, the cost of all bulkheads, and other restraining works, and the cost of filling in and raising above high tide of all streets, alleys and public squares or places, shall be apportioned to the lands benefited thereby, in addition to the cost of filling in such lands." This section provides the method of determining the cost, and does not fix the limit of price. The contract fixed such limit when it said, "that the entire cost . . . shall not ex-ceed sixteen cents per cubic yard for each and every yard of earth put upon each tract or parcel of land." The facts alleged and shown are that the commissioner of public lands had theretofore construed the contract and the law to mean that such lands were liable for the number of cubic yards of fill at sixteen cents per cubic yard, and in addition thereto the distributed street and alley fill and additional bulk-heads, and also fifteen per cent additional upon the whole sum.

We are of the opinion that, under the contract, the lands were liable only for the maximum of sixteen cents per cubic yard fixed by the contract, and fifteen per cent additional when the certificates become a lien upon the lands filled, except where additional costs of bulkheads are approved by the governor, and that the commissioner of public lands acts outside of his authority when he allows and issues his cer-tificates for more than that sum. It is no doubt true that, when the commissioner of public lands acts within his au-thority as defined by law and by the contract, and exercises his judgment and discretion in issuing certificates within the sixteen cent limitation, his acts cannot be inquired into except for fraud or abuse of the trust reposed in him. But

when he acts without the provisions of the law and the contract entered into, he transcends the bounds of his authority, and when he thereby creates a cloud upon the title of the lands in excessive amounts, such illegal act may be enjoined. High, Injunctions, §§ 1308-9; Pomeroy, Equity Jurisprudence, § 1345; *Noble v. Union River Logging R. Co.,* 147 U. S. 165; *Bond v. Mayor & Common Council of Newark,* 19 N. J. Eq. 376.

It is argued by appellants that the state is a necessary party to this action, but the state has no interest, pecuniary or otherwise, in this litigation. It has sold the land, and is not liable for the price of the fills made upon the lands and has no interest therein. The fact that the waterway is for the benefit of the state is entirely unimportant, because no relief is sought on account of the waterway, which is a mere incident to the filling of the adjacent lands. The whole controversy here lies between the owner of the land and the contractors who are seeking to impress a lien upon the lands for an excessive amount. The commissioner of public lands is a proper party because he is the agent of both parties under the contract and the law authorizing it, and is charged with certain duties in regard thereto. He is not a party because he represents the state or the interests of the state in the litigation.

We are of the opinion, therefore, that the injunction was properly granted, and the order appealed from is therefore affirmed.

Dunbar, Crow, Parker, and Morris, JJ., concur.

Chadwick, J. (dissenting)—I dissent. This action requires a construction of Rem. & Bal. Code, § 8103. That part of the law which controls the action of the commissioner of public lands is such cases is as follows:

"Upon the completion of the work, provided for by said contract, or any part thereof, capable of separate use for the purposes of navigation, according to the terms and conditions of said contract, and within the time provided therein,

or such further extension of time as may have been granted by virtue of the preceding section, the commissioner of public lands shall issue his certificate to the contracting parties, or their assigns, showing the actual cost of the filling in and raising above high tide of all tide and shore lands so filled in and raised above high tide by such completion of said work, or such separate portion thereof, and specifying and describing, with reasonable certainty, the lands so filled in and raised above high tide. Upon the filing in the office of the county auditor of the county or counties in which such lands are situated, of such certificate of the commissioner of public lands, said contracting parties shall acquire a lien, and the same shall thereupon attach, for the amount specified in such certificate, with fifteen per cent additional thereon, and with interest on such amount and additional percentage from the date of such certificate at the rate of eight per cent per annum until payment: Provided, however, That such lien shall not be operative for an amount exceeding the cost of the work as stated in the contract, or, as the case may be, such portion of said stated cost as shall be proportionate to the part of the work with reference to which the certificate has issued, upon the bonds specified in such certificate."

In my judgment the duty of the commissioner of public lands is controlled entirely by this statute. He has no discretion; certainly none that the court should control. The duty of certifying the cost of the improvements, whatever it may be, is made mandatory; while the amount of the lien depends upon the contract. There can be no lien or cloud upon the title for an excessive amount, for the legislature was careful to provide against such contingencies. There was no authority, therefore, in law for the issuance of the injunction *pendente lite*. The effect of the decision of the majority is to decide the case upon its merits when it is not properly before us.

Rudkin, C. J., Gose, and Fullerton, JJ., concur with Chadwick, J.